2021CV01018 e-Filed 4/30/2021 1:06 PM

Case 1:21-cv-02136-LMM   Document 1-2   Filed 05/21/21   Page 1 of 16

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANTWANDA VANDIVER,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION FILE: |
| WALMART, INC. and<br>SAM'S EAST, INC.,<br>    Defendants. | )<br>)<br>)<br>) | 2021CV01018 |
| | ) | DEMAND JURY TRIAL |

## COMPLAINT

COMES NOW PLAINTIFF Antwanda Vandiver, and makes and files this complaint against Defendant Walmart, Inc. as follows:

### PARTIES AND JURISDICTION

1.

PLAINTIFF Antwanda Vandiver resides at ███████████████████ ███, and is subject to the jurisdiction of this court by virtue of filing this Complaint.

2.

DEFENDANT Walmart, Inc. is a is a foreign profit corporation existing under the laws of Delaware with its principal place of business in Bentonville, Arizona and may be served through its registered agent The Corporation Company (FL), 106 Colony Park Drive Ste. 800-B, Cumming, Georgia 30040.

3.

DEFENDANT Sam's East, Inc. is a is a foreign profit corporation existing under the laws of Delaware with its principal place of business in Bentonville, Arizona and may be served through

its registered agent The Corporation Company (FL), 106 Colony Park Drive Ste. 800-B, Cumming, Georgia 30040.

4.

Due to Defendant's tortious conduct having occurred in the state of Georgia, Defendant is subject to jurisdiction of this Court. Pursuant to O.C.G.A. § 14-2-510(b)(3), due to Defendant the tortious conduct occurring in Clayton County, GA, the Defendant maintaining an office in Clayton County, Georgia and transacting business in this county, Defendant is subject to venue of this Court.

5.

Jurisdiction and venue are proper in this Court.

## **BACKGROUND**

6.

On October 1, 2019, Defendants Walmart, Inc. and/or Sam's East, Inc., were owners and/or controllers of Sam's Club located at 7325 Jonesboro Road, Morrow, Clayton County, Georgia 30260 ("the Store").

7.

Defendants had exclusive ownership, possession and control over the Store at all times relevant to this litigation.

8.

On October 1, 2019, Plaintiff was an invitee at Defendants' Sam's Club store located at 7325 Jonesboro Road, Morrow, Clayton County, GA 30260.

9.

While shopping at the Store, Plaintiff went to the deli section.

10.

After Plaintiff received her food, Plaintiff turned and proceeded to walk towards a table.

11.

As Plaintiff turned to walk towards the table, Plaintiff slipped and fell on soda that was on the floor.

12.

As a result of slipping on the soda, Plaintiff suffered bodily injuries that required medical attention.

## COUNT I - PREMISES LIABILITY

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Plaintiff was an invitee on the premises of the Store at the time of her slipping on the soda.

15.

Defendants owed a duty to business invitees, such as Plaintiff, to exercise ordinary care in keeping the premise safe, which included a duty to maintain the premises in a condition that is reasonably safe for use and a duty to inspect the premises for defects, hazardous, and unsafe conditions.

16.

Defendants were negligent in failing to properly inspect the area where Plaintiff fell, in failing to remove the hazardous condition, in failing to take adequate measures to protect Plaintiff from the hazardous condition and in failing to keep the premises safe for Plaintiff.

17.

Defendants had a duty to warn Plaintiff of the dangerous and unsafe condition which led Plaintiff to fall.

18.

Defendants were negligent in failing to properly warn Plaintiff of the dangerous and unsafe condition.

19.

As a direct and proximate result of Defendants' breach of duties, Plaintiff suffered injuries. Plaintiff incurred special and general damages, including medical and other necessary expenses, mental and physical pain and suffering due to injuries to her body, personal inconvenience, plus an inability to lead a normal life.

## COUNT II - VICARIOUS LIABILITY

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

22.

Defendants are responsible for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

## COUNT III - NEGLIGENT TRAINING & SUPERVISION

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

25.

Defendant were negligent in training and supervising its staff.

26.

As a direct and proximate result of Defendants' breaches of duty, Plaintiff suffered injuries. Plaintiff incurred special and general damages, including medical and other necessary expenses, mental and physical pain and suffering due to injuries to her body, personal inconvenience, plus an inability to lead a normal life.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendant as follows:

(a)  That Plaintiff recover the full value of past and future medical expenses in an amount to be proven at trial;

(b)  That Plaintiff recover for mental and physical pain and suffering and emotional distress, personal inconvenience and inability to lead a normal life in an amount to be determined by the enlightened conscience of the jury;

(c)  That Plaintiff recover such other and further relief as is just and proper;

(d)  That all triable issues be tried before a jury.

This 29th day of April 2021.

Respectfully Submitted,

**THE LEE FIRM OF GEORGIA, LLC**

/s/ DeMone Lee

_____

**DeMone Lee**
Georgia Bar No. 507119
Attorney for Plaintiff

3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
(404) 268-7069
Fax: (404) 460-0692
E-mail: d.lee@youcallweanswer.com

- 7 -

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

ANTWANDA VANDIVER,              Civil Action File No.
                                                                  2021CV01018
       Plaintiff,

v.

WALMART, INC. AND SAM'S EAST, INC.,

       Defendants.
_____/

## ANSWER OF DEFENDANTS

COME NOW, Defendants WALMART, INC. (erroneously named) and SAM'S EAST, INC. and make this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Walmart, Inc. is not a proper defendant.

### SECOND DEFENSE

Jurisdiction is not proper as to Walmart, Inc.

### THIRD DEFENSE

Venue is not proper as to Walmart, Inc.

### FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SIXTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## SEVENTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## EIGHTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants lack sufficient information to either admit or deny the allegations

contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint, but Walmart, Inc. is not the proper Defendant. Further, Defendant's principal place of business is in Arkansas.

3.

Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint, but shows that its principal place of business is in Arkansas.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

6.

Defendants admit only that Sam's East, Inc. operated the subject Club. Defendants deny the remaining allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants admit only that Sam's East, Inc. operated the subject Club. Defendants deny the remaining allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.  Plaintiff was not an invitee of Walmart, Inc.

9.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's

Complaint.

13.

Defendants reallege and incorporate herein the answers contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint, as stated.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint, as stated.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's

Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants reallege and incorporate herein the answers contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendants reallege and incorporate herein the answers contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendants deny the allegations contained in paragraph 24 of the Plaintiff's

Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

28.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), and (d) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
WALMART, INC.
SAM'S EAST, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -8-

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART, INC. AND SAM'S EAST, INC. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the   21st   day of May, 2021.

                                              McLAIN & MERRITT, P.C.

                                               /s/ Howard M. Lessinger
                                              Howard M. Lessinger
                                              Georgia Bar No. 447088
                                              Attorney for Defendants
                                              WALMART, INC.
                                              SAM'S EAST, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com